IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


REBECCA L. KREIN                                                   PLAINTIFF


            v.                          CIVIL NO. 25-5199


FRANK BISIGNANO, Commissioner
Social Security Administration                                    DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Rebecca L. Krein, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) benefits under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*

### I.     Procedural Background:

Plaintiff protectively filed her current application for DIB on March 30, 2023, alleging an inability to work since January 1, 2022,[1] due to bladder issues; chronic costochondritis; migraines; a syrinx in the spine and brain stem; severe osteoarthritis; spondylitis; back, shoulder and foot degradation; spinal lining degradation; severe disc degradation; and thyroid cancer. (Tr. 120, 224). An administrative telephonic hearing was held on December 10, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 100-118).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to March 1, 2024. (Tr. 102, 259).

By written decision dated March 3, 2025, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 32). Specifically, the ALJ found Plaintiff had the following severe impairment: chronic pain. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 34). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a career advisory specialist, and an administrative clerk. (Tr. 39).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on July 8, 2025. (Tr. 8-14). On July 16, 2025, Plaintiff requested that the case be reopened so that the ALJ's decision could be reviewed. (Tr. 7). By Order dated August 8, 2025, the Appeals Council set aside the July 8, 2025, finding, considered additional evidence and then denied Plaintiff's request for review of the ALJ's hearing decision. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation.  (ECF No. 9, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

2

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision.  *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III.    Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: A) The ALJ failed to fully and fairly develop the record; B) The ALJ erred at Step-Two of the sequential analysis by finding no impairments other than pain met severity; and C) The ALJ erred in determining Plaintiff's RFC. (ECF No. 9).  Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 11).

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id.*

In the present case, the ALJ determined Plaintiff was able to perform a full range of light work. After reviewing the record, the Court is troubled by the ALJ's failure to address limitations placed upon Plaintiff when MRIs of her cervical spine indicated that she has both a syringomyelia[2] and a syringobulbia. (Tr. 648, 776-777). On September 9, 2024, medical records from one of Plaintiff's treating physicians, Dr. Larry Coker, indicated that Plaintiff needed a new order for a resting stress test because she "has syringobulbia a rare condition and cannot jump, run etc needs to have [a] new order [for a] resting stress test not the treadmill." (Tr. 854). The record also revealed that in October of 2024, Dr. Anthony Klappa suspected Plaintiff's syringobulbia was the cause of her dizziness. (Tr. 898-902). Plaintiff testified at the December 10, 2024, administrative hearing that her medical providers restricted her to walking less than a total of two miles a day, lifting no more than 6.5 pounds and refraining from running, jumping, or straining – to include being careful when sneezing. (Tr. 107-108). Plaintiff also testified that physical therapy was not an option for treatment for this impairment. (Tr. 108). The ALJ discounted Plaintiff's testimony regarding limitations due to syringobulbia by finding that these limitations were not supported by the record. (Tr. 37, 39). It appears there is medical evidence to support Plaintiff's testimony that she has been limited by her treating physicians; however, the extent of these limitations is unclear.

---

[2] Syringomyelia is defined as a slowly progressive syndrome of cavitation in the central segments of the spinal cord, generally in the cervical region, but sometimes extending up into the medulla oblongata (syringobulbia) or down into the thoracic region…It results in neurologic deficits, usually segmental muscular weakness and atrophy with a dissociated sensory loss (loss of pain and temperature sensation, with preservation of the sense of touch), and thoracic scoliosis is often present. *See* Dorland's Illustrated Medical Dictionary, p. 1858, 32nd Edition (2012).

The extent of Plaintiff's limitations due to a suspected labral tear in her left hip and a labral tear in her left shoulder is also unclear. (Tr. 762, 952). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's physical impairments for the time period in question.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.     Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of May 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

6